CHRISTOPHER M. YOUNG (Bar No. 163319)
christopher.young@dlapiper.com
KATHERINE J. PAGE (Bar No. 259556)
katherine.page@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:   619.699.2700
Fax:   619.699.2701

Attorneys for Defendant
CHATTEM, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RUTHIE MARTIN, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>CHATTEM, INC.; SANOFI, INC.; and DOES 1 to 50, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT CHATTEM, INC.**<br><br>Complaint Filed: May 16, 2019 |

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Chattem, Inc. ("Defendant") removes the above captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.  This Court has original subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. sections 1332(d), 1441(a), 1453 and 1446, because this is a class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000.  Accordingly, removal is proper for the reasons set forth below.

## I.    BACKGROUND

On or about May 16, 2019, Plaintiff commenced an action against Defendant

NOTICE OF REMOVAL

in the Superior Court of California, County of Los Angeles, in the above-captioned case, No. 19STCV17036 ("Complaint").

The Complaint alleges eight causes of action: 1) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; 2) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; 3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; 4) breach of express warranty; 5) breach of implied warranty of merchantability; 6) unjust enrichment; 7) strict products liability; and 8) negligence.

Defendant was served with the Complaint on June 25, 2019. Defendant is not aware of any other named defendant having been served. 28 U.S.C. § 1446(b)(2)(A).

## II. THIS CASE IS SUBJECT TO REMOVAL UNDER CAFA.

The district courts of the United States have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." Class Action Fairness Act of 2005 ("CAFA"), under 28 U.S.C. § 1332(d)(2)(A).

### A. This is a Class Action as Defined by CAFA.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

The Complaint is styled as a "class action" and was filed in the state courts of California, which authorizes class actions under Section 382 of the California Code of Civil Procedure. In acknowledging that this action has been filed as a "class action" for CAFA purposes, Defendant does not concede that any such class as proposed by Plaintiff will or does meet the requirements for class certification under the Federal Rules.

NOTICE OF REMOVAL

### B.     The Proposed Class Consists of More than 100 Members.

The proposed class defined in the Complaint includes "all citizens in California who purchased the Defective Product[.]" (Compl. ¶ 27).  Plaintiff alleges that the members of the proposed class "number in the hundreds of thousands." (Compl. ¶ 28).  Although Defendant disputes that certification of the proposed class is appropriate under California law or Federal Rule of Civil Procedure 23, the proposed class as defined in the Complaint would include at least 100 members.

### C.     Minimal Diversity Required by CAFA Exists.

Defendant Chattem, Inc. is a citizen of Tennessee.  (Compl. ¶ 12.)  Plaintiff is a citizen of California.  (Compl. ¶ 11.)  The requirement that "any member of a class of plaintiffs is a citizen of a State different from any defendant" is therefore satisfied.  28 U.S.C. § 1332(d)(2)(A).

### D.     The Amount in Controversy Exceeds $5 Million.

While Defendant in no way concedes that of any of Plaintiff's allegations have merit, that any class proposed by Plaintiff may properly be certified, or that Plaintiff is entitled to relief in any amount whatsoever,[1] the amount in controversy requirement is satisfied because Plaintiff is seeking relief in an amount that exceeds $5,000,000, exclusive of interest and attorneys' fees and costs.

Under CAFA, individual class members' alleged claims are aggregated to determine if the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(6).  Where the complaint does not specify a particular amount of alleged damages, a "defendant's notice of removal need include only a plausible allegation that that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the

---

[1] Defendant expressly denies any allegations of wrongdoing and reserves all rights to assert any and all applicable defenses in this matter.

1  plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought
2  (e.g., damages, injunctive relief, or declaratory relief)."  Comm. on the Judiciary, S.
3  Rep. No. 109-14, at 42 (2005).  Any doubts regarding the maintenance of interstate
4  class actions in state or federal court should be resolved in favor of federal
5  jurisdiction. *See id.* at 42-43.

6       Based on the Complaint's allegations, the alleged amount in controversy
7  exceeds the jurisdictional threshold, as follows:

8               **1.**     **Restitution Demand**

9       Restitution is an available remedy under the CLRA and UCL, as well on
10  Plaintiff's unjust enrichment claim.  Cal. Civ. Code § 1780; Cal. Bus. & Prof. Code
11  § 17203.  Restitution under the CLRA and UCL is cumulative to other remedies
12  available under the statutes and to remedies or penalties available under other laws.
13  Cal. Civ. Code § 1752; Cal. Bus. & Prof. Code § 17205.

14       Here, Plaintiff seeks restitutionary relief, "to restore to Plaintiff and Class
15  members the money they paid" for the Icy Hot Medicated No Mess Applicator ("Icy
16  Hot Applicator"), the product to which this action relates.  (Compl. ¶ 55).  She also
17  alleges Defendant has been "unjustly enriched in retaining revenues derived from
18  Plaintiff's and Class members' purchases" of the Icy Hot Applicator, and seeks
19  disgorgement of these revenues.  (Compl. ¶¶ 55, 67, 82, 83).  The value of sales of
20  the Icy Hot Applicator to retailers in California from 2014 to present substantially
21  exceeds $5 million.[2]  (Declaration of Brian Nutter in Support of Notice of Removal,
22  ¶ 4.)  Thus, Plaintiff's claims for restitutionary relief alone exceed the jurisdictional
23  amount in controversy requirement.

24               **2.**     **Alleged Compensatory Damages**

25       Plaintiff alleges she suffered physical injuries and economic damages as a
26  result of her use of the Icy Hot Applicator.  (Compl. ¶ 11).  She alleges that other

27

28

---

[2] The precise sales figures constitute confidential business information.

NOTICE OF REMOVAL

class members suffered similar injuries as a result of the use of the Icy Hot Applicator. (Compl. ¶ 25). Plaintiff seeks, on behalf of herself and her proposed class, compensatory damages for injuries resulting from Defendant's alleged misconduct. (Compl. ¶¶ 106, 130.)

With respect to economic injuries, Plaintiff alleges that but for Defendant's alleged misconduct, she and other putative class members would not have purchased the Icy Hot Applicator and/or would not have paid as much for it. (Compl. ¶¶ 73, 74.)

Plaintiff allegedly purchased the Icy Hot Applicator for $5.48. (Compl. ¶ 11). Her proposed class allegedly includes "hundreds of thousands" of consumers who made similar purchases. (Compl. ¶28). While Chattem does not sell directly to consumers (Nutter Declaration, ¶ 2), Chattem's records indicate that sales of the Icy Hot Applicator to retailers in California substantially exceed $5,000,000. (*Id.* ¶ 4.) The amount of retail sales of the Icy Hot Applicator to consumers in California therefore exceeds $5,000,000. Thus, the amount in controversy on Plaintiff's compensatory damages related to putative class members' alleged economic injuries resulting from purchase of the Icy Hot Applicator exceeds the jurisdictional minimum.

Moreover, Plaintiff also alleges physical injuries. Plaintiff alleges that "Plaintiff and the Class members experienced, and/or are at risk of experiencing, serious and dangerous adverse reactions[.]" (Compl. ¶ 104). She alleges that she and the putative class members "require, and/or will require, more healthcare and services and did incur medical, health and incidental and related expenses [and]…will in the future be required to obtain further medical and/or hospital care, attention, and services." (Compl. ¶¶ 96, 105). Based on Plaintiff's allegation that her class includes at least 200,000 persons (Compl. ¶ 28), even if each putative class member's alleged physical injuries result in damages of just $25.00, compensatory damages for these claims alone will amount to $5,000,000 (200,000 x $25).

### 3.   Demand for Injunctive Relief.

Plaintiff also seeks "an order enjoining Defendants from continuing the unlawful practices" alleged in her Complaint.  (Compl., Prayer.)

The crux of Plaintiff's Complaint is that the Icy Hot Applicator does not provide the advertised benefits and instead causes injuries.  At minimum, the injunctive relief Plaintiff seeks would likely require Defendant to undertake a complete revision of the product and/or its labeling.  The significant costs to Defendant of undertaking such actions are also properly considered in determining whether the amount in controversy is satisfied.  *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005).

### 4.   Alleged Punitive Damages

Plaintiff also seeks punitive damages.  (Compl. ¶ 130.)  Where punitive damages are recoverable as a matter of law, they may be included for purposes of determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.2001).  Punitive damages are an available remedy under the CLRA. Cal. Civ. Code § 1780(a)(4).

### 5.   Attorneys' Fees.

Plaintiffs' Prayer for Relief also seeks attorneys' fees. (Compl., Prayer.) While Defendant asserts that Plaintiff should recover no attorneys' fees, and the amount in controversy exceeds $5,000,000 even exclusive of attorneys' fees, contested attorneys' fees are included in ascertaining the purported amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); .

Courts have accepted 25% fee estimates for removal purposes.  *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005); *Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 WL 359304, *3 (C.D. Cal. Feb. 2, 2012); *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009); *Tompkins v. Basic Research LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008).  Here, attorneys'

fees can be plausibly assumed to be based on 25% of total alleged (and contested) damages established in the preceding paragraphs. The amount, would, therefore, be at least $1,250,00.00 (25% of at least $5 million).  (*See* Nutter Decl. ¶ 4.)

Accordingly, and based on the allegations of the Complaint as set forth above, the amount in controversy in this action is well in excess of $5,000,000.

## III.   COMPLIANCE WITH REQUIREMENTS FOR REMOVAL

### A.   Copies of All Pleadings Are Attached.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders that have been filed in the Los Angeles Superior Court actions are attached hereto as Exhibit A.

### B.   Notice Of Filing.

In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on counsel for plaintiffs and filed with the Clerk of this Court.

### C.   This Notice of Removal Is Timely.

This Notice of Removal is timely filed, as it is being filed within 30 days after the service of the Class Action Complaint on Defendant on June 25, 2019.

### D.   Venue Is Proper in this Court.

Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the United States Central District of California is the district and division within which the State Court Action was filed.

## IV.   CONCLUSION

For the reasons stated, federal diversity jurisdiction exists pursuant to CAFA. Accordingly, this Action is properly removable to this Court.

Dated:  July 25, 2019                    **DLA PIPER LLP (US)**

By: */s/Christopher M. Young*
CHRISTOPHER M. YOUNG
KATHERINE J. PAGE
Attorneys for Defendant
CHATTEM. INC.