# EXHIBIT A

OR. ƎINAL

**BY FAX**

1  Brian D. Chase, Esq. (SBN 164109)
   bchase@bisnarchase.com
2  Jerusalem F. Beligan, Esq. (SBN 211258)
   jbeligan@bisnarchase.com
3  Ian M. Silvers, Esq. (SBN 247416)
   isilvers@bisnarchase.com
4  **BISNAR|CHASE LLP**
   1301 Dove Street, Suite 120
5  Newport Beach, CA 92660
   Telephone: (949) 752-2999
6  Facsimile: (949) 752-2777

**FILED**
Superior Court of California
County of Los Angeles

MAY 16 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By_____Deputy
Isaac Love

7  *Counsel for Plaintiff and the Putative Class*

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **IN AND FOR THE COUNTY OF LOS ANGELES**

10  RUTHIE MARTIN, individually, and on behalf of )   Case No.  **19STCV17036**
    all others similarly situated,                )
11                                                 )
                                                   )   **CLASS ACTION**
12                        Plaintiff,               )
                                                   )   **COMPLAINT FOR DAMAGES AND**
13                v.                               )   **EQUITABLE RELIEF**
                                                   )
14  CHATTEM, INC.; SANOFI, INC.; and DOES 1 to )   **DEMAND FOR JURY TRIAL**
    50, inclusive,                                 )
15                                                 )
                                                   )
16                        Defendants.              )
                                                   )
17  _____ )

18
19
20
21
22
23
24
25
26
27
28

05/17/2019

1

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff Ruthie Martin ("Plaintiff"), by and through her attorneys, make the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which is based on personal knowledge, against defendants Chattem, Inc., Sanofi, Inc., and DOES 1 to 50, inclusive (collectively, "Defendants"):

## JURISDICTION AND VENUE

1.      Plaintiff is informed and believes, and thereupon alleges, venue is proper in this Court under California Code of Civil Procedure §§ 395 and 395.5 because it is within the county where the contract was made, to be performed, or where the obligation or liability arises.

2.      Plaintiff is informed and believes, and thereupon alleges, jurisdiction lies properly with this Court under California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

3.      This Court has personal jurisdiction over Defendants because they conduct substantial business within California, including the marketing, advertising, distribution and sale of their products in California, and because Plaintiff's claims arise from her purchase of Defendants' product in California.

## NATURE OF THE ACTION

4.      This is a putative class action for damages and equitable relief against Defendants relating to their formulation, manufacture, testing, marketing, promotion, distribution, and sale of their defective topical pain relief product: ICY HOT MEDICATED NO MESS APPLICATOR (the "ICY HOT APPLICATOR" or the "Defective Product").

5.      The ICY HOT APPLICATOR is a topical pain relief product manufactured and sold by Defendants in California and made popular by the way Defendants market the product, including the notable packaging—the trusted bright and colorful eye-catching and well known ICY HOT logo. In addition, Defendants advertise in various channels, including through social media and television commercials with movie celebrity and ex-NBA player Shaquille O'Neal, who endorses the product.

6.      Defendants market and advertise the ICY HOT Applicator as a "*Long Lasting Pain Relief*" applicator (emphasis added). They further market and advertise it as containing "*Maximum*

2

*Strength*" "*Pain Reliving Liquid*" (emphasis added).



7.     The Defective Product is sold throughout California in hundreds of retail locations, including drug stores, mass retailers and online retailers.

8.     As consumers throughout California unsuspectingly continue to purchase the Defective Product, a host of consumer reports indicate that instead of giving consumers long-lasting pain relief and containing maximum strength pain-relieving liquid, the ICY HOT APPLICATOR causes pain and unsightly inflammation, burns, redness, cracking, and other signs of damage and irritation of the skin.  When applied as intended, the Defective Product increases the risk of and frequently causes these adverse reactions and injuries.

9.     Defendants knew or, at the very least, had constructive knowledge of these adverse reactions and injuries through sources not available to the general public including, but not limited to, pre-release testing data, early consumer complaints to Defendants and their retailers, and testing conducted in response to those complaints.  In addition, only Defendants were in sole and exclusive possession of the ingredient list, chemical specifications, and manufacturing of the ICY HOT APPLICATOR.  Despite having knowledge of these adverse reactions and injuries, Defendants failed to adequately warn consumers or take adequate action to protect the public as they continue to manufacture, market, and sell the Defective Product to California citizens.

10.     This action seeks redress on a classwide basis for Defendants' deceptive business

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1   practices in selling the Defective Product.  Plaintiff brings claims individually, and on a classwide

2   basis, against Defendants for negligence, strict products liability, breach of express and implied

3   warranties, violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code

4   §§ 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200,

5   *et seq.*, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*., and

6   unjust enrichment.

7                                        **PARTIES**

8            11.     Plaintiff Ruthie Martin is a citizen of the State of California, residing in Hawthorne,

9   California.  She purchased the ICY HOT APPLICATOR for the first time on September 5, 2018.

10  She purchased it from a Wal-Mart retail store in Hawthorne, California, for which she paid

11  approximately $5.48.  She expected the ICY HOT APPLICATOR to act as advertised: a long-lasting

12  pain reliever, which would relieve pain in her back, legs, ankles and feet.  She saw no warnings on

13  the label contained in the packaging about any potential adverse reactions from the Defective

14  Product as the ones she experienced.   She relied on Defendants' claim that the ICY HOT

15  APPLICATOR has a maximum strength pain-relieving liquid that would relieve pain for a long time.

16  But no more than a few minutes after applying the Defective Product on her back, legs, ankles and

17  feet, Plaintiff developed an extremely red irritation, which then turned into a burn, which left her

18  skin cracked (as shown by the pictures below).  These burns took approximately two weeks to heal.

19  During that period, Plaintiff purchased Aloe Vera in an attempt to alleviate her burns.  She applied

20  it a few times a day to help heal the burns.  To date, her skin is marked by scars.  Had Plaintiff known

21  that the Defective Product does not work as represented by Defendants, or had she been warned of

22  the potential adverse effects and injuries caused by the Defective Product, Plaintiff would not have

23  purchased the ICY HOT APPLICATOR.

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



12.     Defendant Chattem, Inc., is a Tennessee corporation, and a subsidiary of Sanofi, Inc., with its principal place of business at 1715 W. 38th St., Chattanooga, TN, 37409-1248. Defendant Chattem manufactures, markets, distributes, and sells the Defective Products. It sells the Defective Products to California citizens through drug stores, mass retailers, and online retailers.

5

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

13.     Defendant Sanofi, Inc. is a New Jersey corporation with its principal place of business at 55 Corporate Drive, Bridgewater, NJ, 08807.   Defendant Sanofi manufactures, markets, distributes, and sells the Defective Products.   It sells the Defective Products to California citizens through drug stores, mass retailers, and online retailers.

## FACTUAL ALLEGATIONS

14.     As alleged above, Defendants manufacture, market, and sell the ICY HOT APPLICATOR to citizens in California.  Packaged in widely recognized, brightly colored ICY HOT logo, the Defective Product is sold for approximately $5.48 per 2.5 ounces.  Consumers who are seeking immediate and temporary pain relief are attracted by the eye-catching packaging.

15.     Once lured in, the packaging claims (in all-caps and bold lettering) that it contains "MAXIMUM STRENGTH" "**PAIN RELIEVING LIQUID**" that is not only "Powerful" and "Fast Acting," but (in bold, all caps, and red lettering) provides "LONG LASTING PAIN RELIEF."

16.     Defendants' website reiterates the claims on the Defective Product's packaging: the ICY HOT APPLICATOR contains a "Maximum Strength" "Pain Relieving Liquid" that provides "Long Lasting Pain Relief."[1]

17.     The message that the ICY HOT APPLICATOR will provide "Long Lasting Pain Relief" with a "Powerful, Fast Acting Formula" because it contains the "Maximum Strength" of "Pain Relieving Liquid" is similarly reinforced through a multimedia marketing campaign, and a television commercial featuring movie star and ex-NBA player Shaquille O'Neil.[2]

18.     But Defendants' marketing materials and packaging do not contain adequate warnings concerning potential adverse reactions and injuries from use of the Defective Product.

19.     While Defendants' full ingredient list, chemical specifications, manufacturing process and product formulations can only be obtained through discovery, even the ingredient list published on the packaging and in marketing materials identify certain ingredients that are dangerous chemicals, allergens, and/or irritants; justifying a warning to unsuspecting consumers. For example, the chemical Menthol is a toxin that can cause several allergic reactions, such as rashes, hives, itching, and red, swollen, blistered, or peeling skin.

---

[1] https://www.icyhot.com/no-mess/
[2] https://www.ispot.tv/ad/7kZf/icy-hot-medicated-no-mess-applicator

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

05/17/2019

20.    Despite these triggers and the disturbing complaints (as detailed below) that attribute to the painful and embarrassing effects of the use of the ICY HOT APPLICATOR, Defendants have taken no steps to protect its customers or to warn them of the possible side-effects resulting from the Defective Product.

21.    Defendants' marketing claims are false and misleading, and omit material information.  Even when used as intended, the ICY HOT APPLICATOR causes adverse reactions in a substantial number of consumers.  Reported effects include, but are not limited to, inflammation, burns, redness, cracking, and other signs of damage and irritation of the skin, which may last for days, endure for months, or even be permanent.

22.    For example, on February 28, 2019, one consumer described her experience with the application of the ICY HOT APPLICATOR as "feel[ing] a burn that only intensifie[d]."  She continued, "I tried to wash it off with water, then soap and water, [but] nothing could stop the burning."  Once her skin healed, she wrote, "Now the patch where I applied it (around my knee) looks like I got a sunburn right in the spots where there was product" and continued to write, "It has been about 12 hours since I put it on and I just took a shower and the patch of skin is burning again (still feels like a sunburn)."[3]

23.    In a string of consumer complaints from 2015 to 2019 by consumers from Amazon, numerous consumers complained of their skin burning after use of the ICY HOT APPLICATOR. The complaints all share a similar theme (bold emphasis added):

a)    "I used this product twice on my lower back and I would never use it again.  The second time I used it **I started feeling this burning sensation**.  My daughter looked at my lower back and told me it looked as if **I had burned myself**.  I followed the directions and could not believe this was happening to me.  In the past I have used similar products and have never had a problem.  **My lower back looks as if it was burned.  It started out as a dark mark on the right side of my lower back and over the last few days as the dead skin comes off my lower back is pink in color**.  I would never use this or any of their products again."

---

[3]  https://www.influenster.com/reviews/icy-hot-medicated-no-mess-applicator-maximum-strength-pain-relieving-liquid

7

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

05/17/2019

(July 28, 2015);

b) "I put this stuff on my back and **got a chemical burn**.  It took a shower and some serious amounts of olive oil to alleviate the burn."  (December 26, 2015);

c) ... **I used the No Mess Applicator and it completely burned my skin**.  I used as the directions stated only 3-4 times a day, which I used once in the morning and one at night.  **Not even 24 hours later it started to burn my neck and I immediately stop using the product**.  The picture are the effects two days later and it's still hurts terribly.  I recommend using caution when buying the product.  I emailed the company to let them know about the issue."  (May 7, 2016);



d) "It was a nice relief at first, **but it left burning red patches on my skin** in certain areas.  My husband found that when he was working outside in the sun, **it felt like his back was on fire** and it took a while to go away even once out of the heat and sun."  (July 27, 2016);

e) "**I applied about 4 swirls of this product to my neck and it slowly began to burn**.  I endured it for a while believing that it was the 'icy' effect.  **After about 10 minutes the pain was unbearable, and I washed it off.  It left me with a painful chemical burn**.  IF YOU HAVE ANY KIND OF SENSITIVE SKIN DO NOT BUY!" (April 22, 2019).[4]

24.   In 2012, the U.S. Food and Drug Administration (the "FDA") issued an alert regarding the side effects caused by the Defective Product.  The FDA warned of "cases of serious burns" with use of the ICY HOT APPLICATOR and other over the counter products.  The FDA stated that certain over-the-counter products that are applied to the skin for relief of mild muscle and joint pain have been reported to cause serious skin injuries, ranging from first- to third-degree chemical burns, where the products were applied.  "[P]roducts that contain menthol, methyl

---

[4] https://www.amazon.com/Icy-Hot-Mess-Applicator-Ounce/product-reviews/B004GEXK2G

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1   salicylate, or capsaicin, and are marketed under various brand-names, such as, Bengay, Capzasin,

2   Flexall, **Icy Hot**, and Mentholatum" were the cause of these chemical burns.[5]

3        25.     Plaintiff and other Class members sustained damages as a direct and proximate result

4   of Defendants' negligence and wrongful conduct and omissions in connection with the research,

5   formulation, manufacture, testing, marketing, and sale of the Defective Product.  Despite having

6   notice of these consumer complaints, Defendants have failed to provide adequate warning on the

7   product packaging or in other marketing materials.  Moreover, Defendants have failed to take proper

8   action to mitigate the adverse effects caused by their Defective Product.

9        26.     Plaintiff and other Class members relied on Defendants' misrepresentations and

10   omissions regarding the benefits of the Defective Product.  Plaintiff and the Class (as defined below)

11   have been damaged by Defendants' deceptive and unfair conduct and wrongful inaction in that they

12   purchased the Defective Product, which they would not have otherwise purchased, had Defendants

13   been truthful about the benefits of the Defective Product or warned them of the potential harms

14   caused by the Defective Product.

             **CLASS DEFINITION AND ALLEGATIONS**

15        27.     Plaintiff seeks to represent a class defined as all citizens in California who purchased

16   the Defective Product (the "Class").  Excluded from the Class are this Court and its personnel,

17   Defendants and their employees, and persons who purchased the Defective Product for purposes of

18   resale.

19        28.     Members of the Class are so numerous that their individual joinder herein is

20   impracticable.  On information and belief, members of the Class number in the hundreds of

21   thousands.  The precise number of Class members and their identities are unknown to Plaintiff at

22   this time but may be determined through discovery.  Class members may be notified of the pendency

23   of this action by mail and/or publication through the distribution records of Defendants and third-

24   party retailers and vendors.

25        29.     Common questions of law and fact exist as to all members of the Class and

26   predominate over questions affecting only individual Class members.  Common legal and factual

27   questions include, but are not limited to, whether Defendants' labeling, packaging and marketing of

28

---
[5] https://www.drugs.com/fda-alerts/2767-18106.html (emphasis added).

                      9

05/17/2019

1   the Defective Product was misleading and omitted material information.

2       30.     The claims of the named Plaintiff are typical of the claims of the Class she seeks to

3   represent in that the named Plaintiff was exposed to Defendants' misleading labeling and

4   advertising, and material omissions, and based on their misleading labeling and material omissions,

5   purchased the Defective Product, resulting in the loss of money.

6       31.     Plaintiff is an adequate representative of the Class because her interest does not

7   conflict with the interests of the Class members she seeks to represent, she has retained competent

8   counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.

9   The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

10      32.     The class mechanism is superior to other available means for the fair and efficient

11  adjudication of the claims of Class members.  Each individual member of the Class may lack the

12  resources to undergo the burden and expense of individual prosecution of the complex and extensive

13  litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay

14  and expense to all parties and multiplies the burden on the judicial system presented by the complex

15  legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent

16  or contradictory judgments.  In contrast, the class action device presents far fewer management

17  difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive

18  supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability

19  issues will ensure that all claims and claimants are before this Court for consistent adjudication of

20  the liability issues.

### CAUSE OF ACTION I

#### (California's Consumer Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*)

22      33.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth

23  herein.

24      34.     Plaintiff brings this count individually and on behalf of the Class against Defendants.

25      35.     Plaintiff and Class members are consumers who purchased an ICY HOT

26  APPLICATOR for personal, family, or household purposes.  Accordingly, Plaintiff and the Class

27  members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d). Plaintiff

28  and Class members are not sophisticated experts with independent knowledge of the formulation

10

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1   and effects of the Defective Product.

2        36.    At all relevant times, the Defective Product constituted a "good" as that term is

3   defined in Cal. Civ. Code § 1761(a).

4        37.    At all relevant times, Defendants were a "person" as that term is defined in Cal. Civ.

5   Code § 1761(c).

6        38.    At all relevant times, Plaintiff's purchase of the Defective Product, and the purchases

7   of the Defective Product by other Class members, constituted "transactions" as that term is defined

8   in Cal. Civ. Code § 1761(e).  Defendants' actions, inactions, representations, omissions, and conduct

9   have violated, and continue to violate the CLRA, because they extend to transactions that intended

10  to result, or which have resulted in, the sale of the Defective Product to consumers.

11       39.    The policies, acts, omissions, and practices described in this complaint were intended

12  to and did result in the sale of the Defective Product to Plaintiff and the Class.  Defendants' practices,

13  acts, omissions, policies, and course of conduct violated the CLRA, Cal. Civ. Code §§ 1750, *et seq.*,

14  as described above.

15       40.    Defendants represented that the Defective Product had sponsorship, approval,

16  characteristics, uses, and benefits which it did not have in violation of Cal. Civ. Code § 1770(a)(5).

17       41.    Defendants represented that the Defective Product was of a particular standard or

18  quality when Defendants were aware it was of another, in violation of Cal. Civ. Code § 1770(a)(7).

19       42.    Defendants violated Cal. Civ. Code §§ 1770(a)(5) and (a)(7) by representing that the

20  Defective Product contained fast acting, maximum strength pain-relieving liquid, which provides

21  long lasting pain relief of pain associated with arthritis, backaches, muscle strains, sprains, bruises,

22  and cramps, when, in fact, the Defective Product does not have those effects.  Rather, it increases

23  the risk of and results in painful and unsightly inflammation, burns, redness, cracking, and other

    signs of damage and irritation of the skin.

24       43.    Defendants advertised the Defective Product with the intent not to sell it as advertised

25  in violation of Cal. Civ. Code § 1770(a)(9).  Defendants did not intend to sell the Defective Product

26  as advertised because Defendants knew that it would not provide long lasting pain relief.  Defendants

27  knew use of the Defective Product increases the risk of and frequently results in painful and unsightly

28  inflammation, burns, redness, cracking, and other signs of damage and irritation of the skin.

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

44.     Plaintiff and Class members suffered injuries caused by Defendants'
misrepresentations and omissions because: (a) Plaintiff and Class members would not have
purchased the Defective Product or would not have paid as much for the Defective Product if they
had known the true facts; (b) Plaintiff and Class members purchased the Defective Product due to
Defendants' misrepresentations and omissions; and (c) the Defective Product did not have the level
of quality, effectiveness, or value as promised.

45.     Plaintiff and the Class seek an order enjoining Defendants' unfair or deceptive acts
or practices, equitable relief, an award of attorneys' fees and costs under Cal. Civ. Code § 1780(e),
and any other just and proper relief available under the CLRA.

46.     Prior to the filing of this complaint, a CLRA notice letter was served on Defendants
which complies in all respects with Cal. Civ. Code § 1782(a) (a true and correct copy of which is
attached hereto as Exhibit A).  On May 15, 2019, Plaintiff sent Defendants a letter via certified mail,
return receipt requested, advising Defendants that it is in violation of the CLRA and must correct,
repair, replace, or otherwise rectify the goods alleged to be in violation of § 1770.  In the event that
the relief requested has not been provided within 30 days, Plaintiff will amend this complaint to
include a request for damages pursuant to the CLRA.

47.     Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit B is an affidavit
showing that this action has been commenced in the proper forum.

**CAUSE OF ACTION II**

**(California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

48.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth
herein.

49.     Plaintiff brings this count individually and on behalf of the Class against Defendants.

50.     The FAL makes it "unlawful for any person to make or disseminate or cause to be
made or disseminated before the public in this state, . . . in any advertising device . . . or in any other
manner or means whatever, including over the Internet, any statement, concerning . . . personal
property or services, professional or otherwise, or performance or disposition thereof, which is
untrue or misleading and which is known, or which by the exercise of reasonable care should be
known, to be untrue or misleading."

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

51.     Defendants committed acts of false advertising, as defined by the FAL, by using false and misleading statements, and material omissions, to promote the sale of the Defective Product, as described above, by including, but not limited to, representing that the Defective Product would provide long-lasting pain relief, when Defendants knew or should have known that use of the Defective Product increases the risk of and frequently results in painful and unsightly inflammation, burns, redness, cracking, and other signs of damage and irritation of the skin.

52.     Defendants knew or should have known, through the exercise of reasonable care, that their statements were untrue and misleading.

53.     Defendants' actions and omissions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

54.     As a direct and proximate result of these acts and omissions, consumers have been and are being harmed. Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendants' FAL violation because: (a) Plaintiff and Class members would not have purchased the Defective Product or would not have paid as much for it if they had known the true facts; (b) Plaintiff and Class members purchased the Defective Product due to Defendants' misrepresentations and omissions; and (c) the Defective Product did not have the level of quality, effectiveness, or value as promised.

55.     Plaintiff brings this action pursuant to Cal. Bus. & Prof. Code § 17535 for injunctive relief to enjoin the practices described herein, to require Defendants to issue corrective disclosures to consumers, and to restore to Plaintiff and Class members the money they paid for the Defective Product. Plaintiff and the Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of its deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, Cal. Civ. Proc. Code § 1021.5.

## CAUSE OF ACTION III

**(California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

56.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

57.     Plaintiff brings this count individually and on behalf of the Class against Defendants.

13

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

58.    The UCL prohibits any "unlawful," "unfair," or "fraudulent" business act or practice and any false or misleading advertising.

59.    The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …." The UCL also provides for injunctive relief and restitution for UCL violations. By virtue of their above-described wrongful actions, Defendants engaged in unlawful, unfair, and fraudulent practices within the meaning, and in violation of, the UCL.

60.    "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

61.    Virtually any law or regulation—federal or state, statutory, or common law—can serve as a predicate for a UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal.App.4th 1342, 1383 (2012).

62.    Defendants violated the "unlawful prong" by violating the CLRA, the FAL, and breaching their express and implied warranties as described herein.

63.    Defendants' acts and practices constitute "unfair" business acts and practices in that the harm caused by Defendants' wrongful conduct outweighs any utility of such conduct, and that Defendants' conduct: (a) offends public policy; (b) is immoral, unscrupulous, unethical, oppressive, deceitful and offensive; and/or (c) has caused (and will continue to cause) substantial injury to consumers, such as Plaintiff and the Class.

64.    There were reasonably available alternatives to further Defendants' legitimate business interests, including changing the formula of the Defective Product, warning consumers and the public about the risks of and adverse effects caused by the Defective Product, and recalling the Defective Product—all better alternatives than Defendants' wrongful conduct and omissions described herein.

65.    The UCL also prohibits any "fraudulent business act or practice." Defendants' above-described claims, nondisclosures, and misleading statements were false, misleading, and likely to deceive the consuming public in violation of the UCL.

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

66.     As a direct and proximate result of Defendants' above-described wrongful actions, inactions, and violation of the UCL, Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses because: (a) Plaintiff and Class members would not have purchased the Defective Product or would not have paid as much for it if they had known the true facts; (b) Plaintiff and Class members purchased the Defective Product due to Defendants' misrepresentations and omissions; and (c) the Defective Product did not have the level of quality, effectiveness, or value as promised.

67.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of its deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, Cal. Civ. Proc. Code § 1021.5.

## CAUSE OF ACTION IV

### (Breach of Express Warranty)

68.     Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

69.     Plaintiff brings this count individually and on behalf of the members of the Class against Defendants.

70.     In connection with the sale of the Defective Product, Defendants, as the designer, manufacturer, marketer, distributor and/or seller issued written warranties by representing that the Defective Product is a "Simple, easy-to-apply relief that works fast and is long lasting." Defendant further advertise the ICY HOT APPLICATIOR as "quick drying" and "stain free."

71.      Defendants' express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the Defective Product, became part of the basis of the bargain between Defendants and Plaintiff and the Class, thereby creating an express warranty that Defendants would conform to those affirmations of fact, representations, promises and descriptions.

72.     In fact, the Defective Product does not provide long lasting pain relief; rather, it increases the risk of and results in painful and unsightly inflammation, burns, redness, cracking, and other signs of damage and irritation of the skin.

73.     Plaintiff and proposed Class members were injured as a direct and proximate result

15

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1    of Defendants' breach because (a) they would not have purchased the Defective Product or would

2    not have paid as much for it had they known the true facts, and (b) the Product did not have the

3    characteristics, uses, or benefits as promised.

4                          **CAUSE OF ACTION V**

5                 **(Breach of Implied Warranty of Merchantability)**

6         74.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

7         75.    Plaintiff brings this count individually and on behalf of the members of the Class

8    against Defendants.

9         76.    Defendants, as the designer, manufacturer, distributor, and seller, impliedly

10   warranted that the Defective Product was fit for its intended purpose in that the Defective Product

11   would act as a long-lasting pain reliever, which would relieve pain from her back, legs, feet and

12   ankles.  Defendants did so with the intent to induce Plaintiff and proposed Class members to

13   purchase the Defective Product.

     77.    Defendants breached their implied warranties because the Defective Product does not

14   have the characteristics, uses, or benefits as promised.

15        78.    Plaintiff and proposed Class members were injured as a direct and proximate result

16   of Defendants' breach because they would not have purchased the Defective Product or would not

17   have paid as much for it had they known that it does not have the characteristics, uses, or benefits as

18   promised.

19                          **CAUSE OF ACTION VI**

20                            **(Unjust Enrichment)**

21        79.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

22        80.    Plaintiff brings this count individually and on behalf of the members of the Class

23   against Defendants.

24        81.    Plaintiff and members of the Class conferred benefits on Defendants by purchasing

25   the Defective Product.

26        82.    Defendants have been unjustly enriched in retaining revenues derived from Plaintiff's

27   and Class members' purchases of the Defective Product.  Retention of that revenue under these

28   circumstances is unjust and inequitable because Defendants misrepresented and omitted facts

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1   concerning the characteristics, uses, and benefits of the Defective Product and caused Plaintiff and

2   Class members to purchase the Product and to pay more for the Product, which they would not have

3   done had the true facts been known.

4          83.    Because Defendants' retention of the non-gratuitous benefits conferred on them by

5   Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to

6   Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

7   **CAUSE OF ACTION VII**

8   **(Strict Products Liability)**

9          84.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

10          85.    Plaintiff brings this count individually and on behalf of the members of the Class

11   against Defendants.

12          86.    At all times relevant, Defendants were engaged in the design, manufacture, and sale

13   of ICY HOT APPLICATOR and had a statutory duty of care.

14          87.    At all times herein mentioned, Defendants designed, researched, manufactured,

15   tested, advertised, promoted, marketed, sold and/or distributed the ICY HOT APPLICATOR used

16   by Plaintiff and Class members.

17          88.    The ICY HOT APPLICATOR was expected to, and did, reach the usual consumers,

18   handlers, and persons coming into contact with the Defective Product without substantial change in

19   the condition in which it was produced, manufactured, sold, distributed, and marketed by

20   Defendants.

21          89.    At those times, the ICY HOT APPLICATOR was in an unsafe, defective, and

22   inherently dangerous condition which was unreasonably dangerous to its users and, in particular,

23   Plaintiff and Class members.

24          90.    The ICY HOT APPLICATOR was so defective in design or formulation or

25   manufacture that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks

26   exceeded the benefits associated with the design, formulation or manufacture of the Defective

27   Product.

28          91.    At all times herein mentioned, the ICY HOT APPLICATOR was in a defective

condition and unsafe, and Defendants knew, had reason to know, or should have known that the ICY

17

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

05/17/2019

1    HOT APPLICATOR was defective and unsafe, especially when used in the form and manner as
2    provided by Defendants.

3        92.    Defendants knew, or should have known, that at all times herein mentioned the ICY
4    HOT APPLICATOR was and is inherently dangerous and unsafe.

5        93.    At the time of their use of the ICY HOT APPLICATOR, Plaintiff sand Class
6    members utilized the Defective Product for the purposes and manner normally intended.

7        94.    Defendants had a duty to create a product that was not unreasonably dangerous for
8    its normal, intended use.

9        95.    The ICY HOT APPLICATOR was designed, researched, manufactured, tested,
10   advertised, promoted, marketed, sold and distributed in a defective condition by Defendants and was
11   unreasonably dangerous to its intended users, including Plaintiff and Class members.

12       96.    Defendants designed, researched, manufactured, tested, advertised, promoted,
13   marketed, sold, and distributed a defective product which created an unreasonable risk to the health
14   of consumers thereof and to Plaintiff and Class members.  Defendants are, therefore, strictly liable
     for the injuries sustained by the Plaintiff and Class members.

15       97.    Neither Plaintiff nor Class members, acting as a reasonably prudent person, could
16   discover that the ICY HOT APPLICATOR was defective, as herein described, or perceive its danger.

17       98.    The ICY HOT APPLICATOR designed, researched, manufactured, tested,
18   advertised, promoted, marketed, sold, and distributed by Defendants was defective due to inadequate
19   warnings or instructions as Defendants knew, or should have known, that the Defective Product
20   created a risk of serious and dangerous side effects including, but not limited to, inflammation, burns,
21   redness, cracking, and other signs of damage and irritation of the skin, which may last for a few
22   days, months, or even be permanent.

23       99.    The ICY HOT APPLICATOR as designed, researched, manufactured, tested,
24   advertised, promoted, marketed, sold, and distributed by Defendants is defective due to inadequate
25   warnings and/or inadequate testing.  Defendants have continued to manufacture, distribute, and sell
26   the Defective Product after they knew, or should have known, of the defects and risk of serious
27   adverse reactions.

28       100.   By reason of the foregoing, Defendants are strictly liable in tort to Plaintiff and Class

18

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1   members for the manufacturing, promoting, distribution, and selling of the Defective Product.

2       101.   Defendants' defective design, manufacturing defects, and inadequate warnings of the

3   dangers associated with the ICY HOT APPLICATOR were acts that amount to willful, wanton,

4   and/or reckless conduct by Defendants.

5       102.   Said defects in the ICY HOT APPLICATOR were a substantial factor in causing

6   Plaintiff's and Class members' injuries and/or placed Plaintiff and Class members at increased risk

7   of serious injury and/or harm.

8       103.   As a direct and proximate result of the defective condition of the ICY HOT

9   APPLICATOR as manufactured and sold by Defendants, Plaintiff and Class members suffered, and

10   will continue to suffer, damages.

11       104.   By reason of the foregoing, Plaintiff and Class members experienced, and/or are at

12   risk of experiencing, serious and dangerous adverse reactions, as well as have incurred financial

13   damage and injury.

14       105.   As a result of the foregoing acts and omissions, Plaintiff and Class members require,

15   and/or will require, more healthcare and services and did incur medical, health and incidental and

16   related expenses.  Plaintiff and Class members are informed and believe, and further allege, that

17   Plaintiff and the Class members will in the future be required to obtain further medical and/or

    hospital care, attention, and services.

18       106.   Plaintiff, on behalf of herself and all others similarly situated, demand judgment

19   against Defendants for compensatory damages for each Class member and for the establishment of

20   a common fund, plus attorney's fees, interest and costs.

21                   **CAUSE OF ACTION VIII**

22                      **(Negligence)**

23       107.   Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

24       108.   Plaintiff brings this count individually and on behalf of the members of the Class

25   against Defendants.

26       109.   Defendants negligently manufactured, designed, tested, researched, developed,

27   labeled, packaged, distributed, promoted, marketed, advertised, and sold the Defective Product in

28   this district and throughout California.

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

05/17/2019

110.   At all times relevant and material hereto, Defendants had a duty to exercise reasonable care in the design, manufacture, research and development, testing, processing, advertising, marketing, labeling, packaging, distribution, promotion and sale of the Defective Product.

111.   Defendants breached their duty and was negligent in its actions, misrepresentations, and omissions in numerous ways including, but not limited to, the following:

    a.   Failing to use due care in the formulation, design, and development of the Defective Product to prevent and/or minimize the risk of injury and adverse effect to individuals when the Defective Product was used;

    b.   Failing to test the Defective Product properly and thoroughly before releasing it on the market;

    c.   Failing to conduct adequate post-market monitoring and surveillance of the Defective Product and analysis for adverse reports and effects;

    d.   Designing, manufacturing, marketing, advertising, distributing, and selling the Defective Product to consumers, including Plaintiff and Class members, without adequate warnings of the risks associated with using the Defective Product and without proper and/or adequate instructions to avoid the harm which could foreseeably occur as a result of using the Defective Product;

    e.   Failing to exercise due care when advertising and promoting the Defective Product;

    f.   Negligently continuing to manufacture, market, distribute, and sell the Defective Product after Defendants knew, or should have known, of the risks of serious injury associated with using the Defective Product;

    g.   Failing to conduct adequate post-market surveillance and studies to determine the safety of the Defective Product; and

    h.   Failing to label the Defective Product to adequately warn Plaintiff, Class members, and the public of the risk of injury and adverse effects associated with the Defective Product.

112.   Defendants advertised, marketed, sold and distributed the Defective Product despite

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

05/17/2019

1   the fact that the Defendants knew or should have known of the risks associated with using the

2   Defective Product.

3        113.   Defendants had a duty to warn their customers and the public about the risks of injury

4   and adverse effects and refused to do so placing profit ahead of consumer safety.

5        114.   Defendants knew or should have known that the Defective Product had unreasonably

6   dangerous risks of which consumers would not be aware.  Defendants nevertheless advertised,

7   marketed, sold and distributed the Defective Product.

8        115.   Despite the fact that Defendants knew or should have known that the Defective

9   Product increased the risk of injury, Defendants continued to manufacture, market, advertise,

10   promote, sell and distribute the Defective Product to consumers, including Plaintiff and Class

11   members.

12        116.   Defendants recklessly and/or negligently failed to disclose to Plaintiff and Class

13   members the risks and adverse effects associated with the Defective Product, thereby suppressing

14   material facts about the Defective Product, while having a duty to disclose such information, which

15   duty arose from its actions of making, marketing, promoting, distributing and selling the Defective

16   Product as alleged.

17        117.   Defendants led Plaintiff and Class members to rely upon the safety of the Defective

18   Product in their use of the Defective Product.

19        118.   Defendants' false representations were recklessly and/or negligently made in that the

20   Defective Product in fact caused injury, was unsafe, and the benefits of its use were far outweighed

21   by the risk associated with use thereof.

22        119.   Defendants knew or should have known that their representations and/or omissions

23   were false. Defendants made such false, negligent and/or reckless representations with the intent or

24   purpose that Plaintiff and Class members would rely upon such representations, leading to the use

25   of the Defective Product as described.

26        120.   Defendants recklessly and/or negligently misrepresented and/or omitted information

27   with respect to the Defective Product as set forth above.

28        121.   Defendants omitted, suppressed, and/or concealed material facts concerning the

   dangers and risk of injuries associated with the use of the Defective Product.  Furthermore,

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

05/17/2019

Defendants were willfully blind to, ignored, downplayed, avoided, and/or otherwise understated the nature of the risks associated with the Defective Product in order to continue to sell the Defective Product.

122.    At the time Defendants made these misrepresentations and/or omissions, they knew or should have known that the Defective Product was unreasonably dangerous and not what Defendants had represented to Plaintiff and Class members.

123.    Defendants' misrepresentations and/or omissions were undertaken with an intent that Plaintiff and Class members rely upon them.

124.    Plaintiff relied on and were induced by Defendants' misrepresentations, omissions, and/or active concealment of the dangers of the Defective Product to purchase and use the Defective Product.

125.    Plaintiff did not know that these representations were false and therefore were justified in their reliance.

126.    As a direct and proximate consequence of Defendants' negligent, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained injuries and damages as alleged herein.

127.    Had Plaintiff been aware of the increased risk of injury associated with the Defective Product and the relative inefficacy of the Defective Product compared with other readily available products, she would not have purchased the Defective Product or would not have paid as much for it.

128.    As a direct and proximate consequence of Defendants' negligence, willful, wanton, and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described herein, Plaintiff sustained the injuries, damages, and harm as alleged herein.

129.    Defendants' negligence was a substantial factor in causing Plaintiff's harm.

130.    Plaintiff and Class members are entitled to compensatory damages, and exemplary and punitive damages together with interest, and such other and further relief as this Court deems just and proper.

///

///

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, seek a judgment against Defendants, as follows:

a.  For an order certifying the Class and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

b.  For an order declaring that Defendants' conduct violates the statutes referenced herein;

c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by this Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For an order enjoining Defendants from continuing the unlawful practices detailed herein; and

h.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 16, 2019                           **BISNAR|CHASE LLP**

By:

Brian D. Chase
Jerusalem F. Beligan
Ian M. Silvers
*Counsel for Plaintiff and the Putative Class*

05/17/2019

23

**CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

05/17/2019

# EXHIBIT A

1 | Brian D. Chase, Esq. (SBN 164109)
bchase@bisnarchase.com
2 | Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bisnarchase.com
3 | Ian M. Silvers, Esq. (SBN 247416)
isilvers@bisnarchase.com
4 | **BISNAR|CHASE LLP**
1301 Dove Street, Suite 120
5 | Newport Beach, CA 92660
Telephone: (949) 752-2999
6 | Facsimile: (949) 752-2777

7 | *Counsel for Plaintiff and Putative Class*

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **IN AND FOR THE COUNTY OF LOS ANGELES**

10 | RUTHIE MARTIN, individually, and on behalf )   Case No.
of all others similarly situated,          )
11 |                                            )
                                            )   **CLASS ACTION**
12 |                       Plaintiff,          )
                v.                          )   **DECLARATION OF PLAINTIFF**
13 |                                            )   **RUTHIE MARTIN RE CLRA VENUE**
CHATTEM, INC.; SANOFI, INC.; and DOES 1    )
14 | to 50, Inclusive,                          )
                                            )
15 |                       Defendants.         )
                                            )
16 |                                            )
                                            )
17 |                                            )

18

19

20

21

22

23

24

25

26

27

28

1
**DECLARATION OF PLAINTIFF RUTHIE MARTIN RE CLRA VENUE**

05/17/2019

I, Ruthie Martin, hereby declare and state as follows:

1.       I am an adult, over 18 years old.  I am a named plaintiff and a prospective class member in the above-entitled case.  I have personal knowledge of the matters stated herein, and if called to testify about these facts, I could and would do so in a competent and truthful manner.

2.       I am currently a resident of Los Angeles County.

3.       Pursuant to Cal. Civ. Code § 1780(d), the Superior Court of California for the County of Los Angeles is a proper court for the trial of this action because defendants are doing business within the County of Los Angeles and I am a resident of the County of Los Angeles.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 16, 2019, in Hawthorne, California.

RUTHIE MARTIN

2

**DECLARATION OF PLAINTIFF RUTHIE MARTIN RE CLRA VENUE**

05/17/2019

# EXHIBIT B

# BISNAR|CHASE
PERSONAL INJURY ATTORNEYS, LLP

May 15, 2019

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**SANOFI, INC.**
c/o LEGAL DEPARTMENT
55 CORPORATE DRIVE
BRIDGEWATE, NJ 08807

**WALMART**
c/o LEGAL DEPARTMENT
22015 HAWTHORNE BLVD
TORRANCE, CA 90503

**CHATTEM, INC.**
c/o THEODORE K. WHITFIELD, JR.
1715 W. 38TH STREET
CHATTANOOGA, TN 37409-1248

> **Re:** *Ruthie Martin v. Chattem, Inc., et al.*
> **Notice of Violation of the California Consumers Legal Remedies Act and
> Breach of Express Warranty**

Dear Sir or Madam:

We send this letter on behalf of our client, Ruthie Martin, and on behalf of a proposed class of
California citizens ("Claimants"), who purchased one or more ICY HOT Medicated No Mess
Applicators (the "ICY HOT Applicators"), manufactured, sold and/or distributed by Chattem,
Inc. and Sanofi, Inc. (collectively "Respondents"). This letter advises you that Respondents have
violated and continue to violate the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code
§§ 1750, *et seq.* We request that Respondents remedy such violations within 30 days.

Respondents have and continue to engage in unfair competition and unfair, deceptive acts or
practices regarding how they advertise, market, sell and distribute the ICY HOT Applicators to
consumers in California.   Specifically, Respondents advertise and market the ICY HOT
Applicators as having "Long Lasting Pain Relief" that is easy to apply.  They further advertise it
as containing "Maximum Strength" "Pain Relieving Liquid."  Respondents' advertising and
marketing of the ICY HOT Applicators, however, are false and misleading because Respondents
failed and continue to fail to disclose and warn consumers that the ICY HOT Applicators have
ingredients that result in painful and unsightly inflammation, burns, redness, cracking, and other
signs of damage and irritation of the skin.

Respondents' conduct violates Cal. Civ. Code § 1770(a), in particular by:

Page 2 of 3
May 15, 2019
*Martin v. Chattem, Inc., et al.*

- "Representing that [the] goods ... have ... approval, characteristics, ... uses [or] benefits that they do not have" (Cal. Civ. Code § 1770(a)(5));
- "Representing that [the] goods ... are of a particular standard, quality or grade ... if they are of another" (Cal. Civ. Code § 1770 (a)(7)); and
- "Advertising goods ... with intent not to sell them as advertised" (Cal. Civ. Code §1770 (a)(9)).

Our client will shortly file a Class Action Complaint (the "Complaint") for, *inter alia,* injunctive relief under the CLRA, and will amend such complaint to seek monetary relief under the CLRA unless, within 30 days, Respondents correct, repair, or otherwise rectify the violations specified above. If Respondents fail to comply with this request within 30 days, they may be liable for the following monetary amounts under the CLRA:

- Actual damages suffered;
- Punitive damages;
- Costs and attorney's fees related to suit; and
- Penalties of up to $5,000 for each incident where citizens have suffered substantial physical, emotional or economic damage resulting from Respondents' conduct.

As will be set forth in the Complaint, Respondents' practices also violate (1) California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et. seq.* (the "FAL"); (2) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"); (3) breach of express warranty; (4) breach of implied warranty of merchantability; (5) unjust enrichment; (6) strict products liability; and (7) negligence. Regarding the claim for breach of express warranty, this letter constitutes statutory notice under Cal. Uniform Comm. Code § 2-607(3)(A) of Respondents' breach of express warranty. Respondents breached their warranties with our client and Claimants by providing them with ICY HOT Applicators not of the quality that Respondents represented.

We demand on behalf of Claimants that Respondents immediately correct and rectify their violations by ceasing the deceptive and misleading marketing and advertising described above of the ICY HOT Applicators. We further demand that Defendants initiate a corrective marketing and advertising campaign. In addition, Respondents must offer to refund consumers for their purchases of the ICY HOT Applicator and provide reimbursement with interest.

We hope that Respondents will correct these unlawful practices promptly. A failure to act within 30 days will be a denial of this claim and our client will act accordingly.

If you would like to discuss the matter, please call us at:

Page 3 of 3
May 15, 2019
*Martin v. Chattem, Inc., et al.*

Brian D. Chase
bchase@bisnarchase.com
Jerusalem F. Beligan
jbeligan@bisnarchase.com
Ian M. Silvers
isilvers@bisnarchase.com
**BISNAR | CHASE LLP**
1301 Dove Street, Suite 120
Newport Beach, CA 92626
Telephone:  (949)752-2999
Facsimile:  (949)752-2777

Otherwise, we look forward to Respondents immediately changing their practices and compensating Claimants identified above.

Thank you for your attention to this matter.  We look forward to your response.

Sincerely,

Jerusalem F. Beligan
Attorney at Law