# United States District Court
# Central District of California

| | |
|---|---|
| RUTHIE MARTIN,<br><br>              Plaintiff,<br><br>    v.<br><br>CHATTEM, INC. et al.,<br><br>              Defendants. | Case No. 2:19-cv-06464-ODW(PJWx)<br><br>**ORDER GRANTING MOTION TO REMAND [11] AND DENYING MOTION TO DISMISS AS MOOT [21]** |

## I. INTRODUCTION

On May 16, 2019, Plaintiff Ruthie Martin ("Martin") filed this putative class action in Los Angeles Superior Court against Chattem, Inc. ("Chattem") and Sanofi, Inc. ("Sanofi") (collectively, "Defendants"). (Not. of Removal, Ex. A ("Compl."), ECF No. 1-1.) On July 25, 2019, Chattem removed the action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (Notice of Removal ("Removal") 1, ECF No. 1.) Martin moved to remand this action for lack of subject matter jurisdiction ("Motion"). (Mot. to Remand ("Mot."), ECF No. 11.) Chattem subsequently filed a motion to dismiss. (Mot. to Dismiss, ECF No. 21.) For the reasons discussed below, the Court finds that Chattem has not met its evidentiary burden to establish that the amount in controversy exceeds $5 million. Accordingly,

the Court **GRANTS** Martin's Motion to Remand and **DENIES** Chattem's Motion to Dismiss as moot.[1]

## II. FACTUAL BACKGROUND

Martin brings this class action against Defendants individually and on behalf of all others similarly situated (collectively "putative class") for pain, burns, and inflammation from use of the product, "Icy Hot Applicator." The putative class consists of "all citizens of California who purchased the [d]effective [p]roduct [but not] the Court and its personnel, Defendants and their employees, and persons who purchased the [d]effective [p]roduct for resale." (Compl. ¶ 27.) Martin is a citizen of California. (Compl. ¶ 11.) Chattem is incorporated and has its principal place of business in Tennessee. (Compl. ¶ 12.) Martin alleges eight causes of action: (1) Consumer Legal Remedies Act ("CLRA"); (2) False Advertising Law ("FAL"); (3) Unfair Competition Law ("UCL"); (4) Breach of Express Warranty; (5) Breach of Implied Warranty of Merchantability; (6) Unjust Enrichment; (7) Strict Products Liability; and (8) Negligence. (Compl. ¶¶ 33–130.) Martin does not allege a specific damages amount. (*See* Compl. at 23.)

Chattem removed the action to this Court on July 25, 2019, pursuant to the CAFA. (Removal 2.) On August 26, 2019, Martin moved to remand arguing that Chattem's removal relies on speculative violation rates to calculate the amount in controversy. (Mot. 1.) Martin contends that, as a result, Chattem has not established that the amount in controversy is met and, thus, the Court lacks subject matter jurisdiction. (Mot. 1.) Chattem opposes the Motion and argues that the amount in controversy is satisfied because Chattem calculated the alleged violation rates based on reasonable assumptions derived from the Complaint. (Opp'n to Mot. ("Opp'n") 1, ECF No. 14.)

---

[1] After carefully considering the papers filed in support of and in opposition to these motions, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

## III. LEGAL STANDARD

CAFA allows for federal jurisdiction over a purported class action when (1) the amount in controversy exceeds $5 million (2) at least one putative class member is a citizen of a state different from any defendant, and (3) the putative class exceeds 100 members. 28 U.S.C. §§ 1332(d)(2), (5). "[T]he burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Generally, removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id*. If the plaintiff disputes the alleged amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88. The parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.

## IV. DISCUSSION

Chattem asserts that removal is proper because there are more than 100 putative class members, minimal diversity is satisfied, and the amount in controversy exceeds $5 million. (Removal 3.) Martin does not dispute that the class is over 100 members or that the parties are minimally diverse; instead, he argues that Chattem has not established the amount in controversy. (Mot. 3–4.)

Chattem contends that the restitution damages alone exceeds $5 million. (Removal 4.) Alternatively, Chattem indicates that the potential personal injury claims for class members would exceed $5 million. (Opp'n to Mot. 10–11.) Martin counters that Chattem has not provided sufficient evidence and relies on speculation in its amount in controversy calculation. (*See* Mot.)

**A.     Restitution Damages**

Determining whether the amount in controversy exceeds $5 million is contingent upon whether Chattem's calculations are reasonable. *See Ibarra*, 775 F.3d at 1197 (finding assumptions of damages "cannot be pulled from thin air but need some reasonable ground underlying them.") Chattem, as the removing party, bears the burden to establish that its asserted amount in controversy relies on reasonable assumptions. *Id.* at 1199. "Where the complaint contains generalized allegations of illegal behavior, a removing defendant must supply 'real evidence' grounding its calculations of the amount in controversy." *Dobbs v. Wood Group PSN, Inc.*, 201 F. Supp. 3d 1184, 1188 (E.D. Cal. 2016) (*citing Ibarra*, 775 F.3d at 1199).

Chattem contends that the restitution damages alone exceeds $5 million. (Removal 4.) Chattem proffers as evidence the declaration of Brian Nutter, the Senior Manager of Revenue and Working Capital at Chattem, who stated that its sales to California retailers "from May 2015 to July 2019 exceeds $5 million." (Decl. of Brian Nutter ("Nutter Decl.") ¶¶ 1, 5, ECF No. 14-1.) Martin disputes that she does not seek restitution, nevertheless, any restitution the class seeks would be the amount class members paid to Chattem to purchase its product. (Mot. 5.) As Martin notes, purchasers with the intent to resale Chattem's product do not fall within the class as defined by the Complaint. (Compl. ¶ 27.) Therefore, without more, the value of sales Chattem earned from its California retailers is irrelevant to the damages Martin and the putative class seek in this suit.

Chattem argues that the year to year sales to the retailers indicate that individuals in California are purchasing its product, and if the retailers collectively

paid over $5 million surely the individual customers collectively paid over $5 million. (Opp'n 12.) The Court finds Chattem has ventured far from its evidence and the allegations in the Complaint. Unwilling to join the journey, the Court finds that Chattem has not satisfied its burden. *See Ibarra*, 775 F.3d at 1197 (finding assumptions of damages "cannot be pulled from thin air but need some reasonable ground underlying them.")

**B.  Compensatory Personal Injury Damages**

Chattem alternatively asserts that the amount in controversy is met by the personal injury damages of class members. (Opp'n 10–11.) In its calculation, Chattem extrapolates from Martin's allegations of "hundreds of thousands" of class members that there are at least 200,000 class members. (Compl. ¶ 28; Opp'n 10.) Chattem further speculates that if each class member was injured in the amount of $25, this cause of action would satisfy the amount in controversy requirement. (Opp'n 10–11.) As Chattem provides no evidence to assume that every class member will be physically injured from the use of its product and the Complaint makes no such allegations, the Court declines to accept Chattem's speculations and does not find the amount in controversy satisfied. *See Ibarra*, 775 F.3d at 1197 (finding assumptions of damages "cannot be pulled from thin air but need some reasonable ground underlying them.")

**C.  Other Damages and Attorney's Fees**

Finally, Chattem asserts that the injunctive relief would be a "substantial" cost, attorney's fees would be 25% of the compensatory damages ($1.2 million), and punitive damages would equal the compensatory damages ($5 million). (Opp'n 13–15.) However, these estimates are based on the unsubstantiated $5 million compensatory damages. Accordingly, the Court does not consider these estimates in the amount in controversy calculation. *See Ibarra*, 775 F.3d at 1197 (finding assumptions of damages "cannot be pulled from thin air but need some reasonable ground underlying them.")

Finding that Chattem has not provided a sound basis to determine that the amount in controversy exceeds $5 million, the Court lacks jurisdiction over this case. Accordingly, the Court **GRANTS** the motion to remand and **DENIES** as moot the motion to dismiss.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Martin's Motion, and **REMANDS** this case to the Superior Court of California for the County of Los Angeles, Case No. 19STCV03843 located at 111 North Hill Street, Los Angeles, California 90012. (ECF No. 11.)

**IT IS SO ORDERED.**

December 9, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**